## MARTÍNEZ v. MORENO.

## APPEAL from the District Court of Mayaguez.

No. 53.—Decided January 31, 1906.

INJUNCTION—HOW APPLICATION SHOULD BE PREPARED.—In the application for the writ of injunction a full and complete statement of all the facts in the case must be made, and where it appears that such facts have not been fully stated, or that it has been sought to conceal some of them, the application must be denied.

ID.—Writs of injunction should be granted with great caution, and only in cases where the reason and necessity therefor are clear.

ID.—A hasty and ill-considered issuance of writs of injunction is dangerous and against the economic interests of the country and the rights of the parties and the well-settled precedents of courts of justice.

ID.—ORDINARY REMEDY—NEGLIGENCE OF PARTY.—Where a person has his remedy provided by law, but does not avail himself of it, and fails to show wherein he has been prejudiced, he has no right to relief in a court by means of an application for injunction.

ID.—DAMAGES CAPABLE OF BEING INDEMNIFIED.—A writ of injunction will not issue to satisfy a damage, for which ample compensation may be had in an action for recovery of damages.

ID.—SUSPENSION OF EXECUTION OF JUDGMENT.—The writ of injunction will not issue to prevent the execution of a judgment declaring a person to be the owner of certain properties and ordering the possession thereof to be given to such person until the petitioner for such writ shall have obtained a judgment declaring said proceedings to be null and void, as also the title to such property.

ID.—RIGHT INFRINGED OR ENCROACHED UPON.—In order to obtain an injunction it is necessary that the party applying therefor shall have some right which may be infringed or encroached upon by an act which the party sought to be restrained is about to perform.

ID.—In cases of injunction the utmost care must be observed in the exercise of the jurisdiction, and the relief should only be allowed upon a clear necessity being shown of affording immediate protection to some right or interest of the party applying which would otherwise be seriously injured or impaired.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant.

*Mr. Fernando Vázquez* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This was a suit brought by the plaintiff against the defendant on the 17th day of March, 1905, in the District Court of Mayaguez, seeking an injunction to prevent the defendant

from carrying into effect a decree rendered in her favor in a case of forcible detainer against the plaintiff, as to a certain property situated in the municipality of San Sebastian, and known as "Bejuco," containing 54 acres of land, more or less. A preliminary injunction was granted by the district judge of Mayaguez, but when the case came on for trial, on the 26th of April, 1905, the court dissolved the temporary injunction which had been theretofore issued and annulled the same, leaving all things in the same condition as they were before the said writ of injunction was issued, and adjudging the costs against the plaintiff. From this judgment the plaintiff took an appeal to this court, and appeared herein by attorney, and filed a brief, as did also the respondent.

The case was argued orally before this court on the 24th of November, and taken under advisement.

The district judge in his opinion dissolving the injunction states that in the petition for the preliminary injunction it had not been set forth that the judgment rendered by the trial court declaring the suit of forcible detainer well founded, had been affirmed by the Supreme Court on appeal taken by the same petitioner, nor did he state that a writ of injunction restraining him from executing certain acts had already been issued against him, and was still in force. However, the court having come to a knowledge of these facts held, that a judgment which had been reviewed on appeal by the Supreme Court of the Island, and affirmed in all its parts, declaring the former suit of forcible detainer well founded, and ordering the defendant to vacate the property, could not be enjoined or suspended by a writ from the district court which only had jurisdiction to order its execution; and further, that the writ of injunction being an extraordinary remedy could not prevail against a judgment in which a final decision had been reached. And even if the district court had jurisdiction to do such a thing, it could not leave a judgment of a higher court unexecuted, unless it had been demonstrated clearly that the same had been rendered by accident, error, mistake,

or fraud, or in consequence of some fact which would have prevented the applicant from availing himself of all the remedies which the laws establish in regard to the proceeding. But the trial court further held that such state of facts did not exist, the petitioner having had in the former trial an opportunity to make a full defense, and did so, availing himself of an appeal to the Supreme Court, where he was fully heard, and the judgment which had been rendered against him affirmed. And the district court further decided that these matters having been heard and determined in the trial court, and in the court of appeals, in favor of the defendant in the injunction suit, could not be reopened by means of the writ, although the petitioner applied for an injunction in consequence of a suit which he brought to annul the ejectment and various inscriptions presented before the court; the plaintiff seeking to establish a right which he claims, but the defendant relying as a basis for her opposition on a certain definite right which had been acknowledged and protected by the sancity of a judgment; that is to say, her right to occupy and possess the property which is the object of the suit. The court below furthermore considered that inasmuch as the right which the defendant had to have the sentence complied with and executed, was protected by two titles and repeated adjudications of the courts, if the injunction prayed for by the plaintiff should be perpetuated, it would leave in force two directly contrary injunctions affecting the same property existing at the same time, which would be absurd. Besides, the court finally held that under the statute laws of the Island fixing rules for the issuance of writs of injunction, such a writ could not be granted so as to serve as an action of forcible detainer, the object of the said writ being to effectively protect all classes of property rights.

The fact, as set out in the judgment of the court below that there had been on the part of the complainant a suppression or concealment of the facts of the case, would have been in

itself a sufficient reason for dissolving the preliminary injunction when such suppression had been discovered. A full disclosure of all the facts must be made in the application for the writ of injunction, and when it is apparent that such disclosure has not been made the relief may properly be refused. (1 High on Injunctions, sec. 11.)

Plaintiff's attorney in this court, without referring to the point just mentioned, contends that the grounds given by the district court for dissolving the injunction are erroneous; that the matter decided by the Supreme Court is one thing, and the matter applied for by him is another, and that the injunction being applied for in a different suit, in which the annulment of the dominion title in favor of Moreno and the annulment of the ejectment proceeding, is sought, is not the same as the matter formerly adjudicated, but merely seeks to retain matters in the same condition that they were found at the beginning of the said last-mentioned suit, and that therefore the injunction should be made perpetual.

At appears to us that this distinction is shadowy, and has no existence in fact. The whole litigation is in regard to the same tract of land, the 50 acres known as "Bejuco." The defendant, María Moreno, had recovered the land in a suit for forcible detainer and sought for and obtained perpetuated injunction against the plaintiff, Martínez, restraining him from gathering the crops, or in any manner interfering with her rights in regard to the same. When the suit for forcible detainer was affirmed by the Supreme Court, she had a right to her execution putting her in possession of the property, and it would have been highly improper in the district court to perpetuate an injunction restraining her from rights which had been formally and finally adjudged to her, not only in the district court, but in the Supreme Court, and establishing her claim as the owner in fee simple of the property in question.

Mr. Justice Figueras in an opinion written in the case of

*Amalio Pereira* contra *Paula Villafaña* (Ante, p. 11), decided on the 12th instant, says:

"Writs of injunction should be granted with great caution, and only in cases where the reason and necessity are clear. To grant an injunction hastily and without due consideration endangers the economic interests of the country, as well as the rights of parties and the well-established precedents of the courts.

"A person who has his remedy provided by the law, but does not avail himself of it, and fails to show wherein he has been prejudiced, has no right to relief in a court by means of an application for injunction. That remedy cannot be granted to stay a damage for which ample compensation may be had in an action for the recovery of damages."

These principles are quite applicable also to the case before us, and meet with our entire approval.

It is true that eventually the plaintiff, Martínez, may succeed in having this decision of the courts annulled, and in setting aside the title of Moreno to the property claimed, but in the meantime he has no right to an injunction, nor to interfere in any way with her execution of the judgment, and her possession of the property. (High on Injunctions sec. 5.) The claim of Martínez, whatever it may be, could not serve as a basis for a writ of injunction under the statute laws of Porto Rico. (Rev. Stat. P. R., sec. 343.) According to the said statute, in order to obtain an injunction it is necessary for the party applying for the same to have some right which may be prejudiced or infringed by an act which is about to be executed by the person sought to be enjoined.

An eminent elementary writer says:

"The utmost care should be observed in the exercise of the jurisdiction, and the relief should only be allowed upon a clear necessity being shown of affording immediate protection to some right or interest of the party complaining which would otherwise be seriously injured or impaired." (1 High on Injunctions, sec. 10.)

Nothing of the kind appears in the record of this case, and

for that reason the District Court of Mayagüez was clearly right in dissolving the preliminary injunction which had been improvidently issued, and in allowing the defendant Moreno to proceed in the execution of the judgments theretofore rendered in her favor.

For these reasons the judgment of the District Court of Mayaguez, rendered on the 26th of April, 1905, dissolving the injunction and adjudging the costs against the plaintiff, should be in all things affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.